IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIA L. WHITNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:10cv773-WKW |
| | ) | (WO) |
| THE KRYSTAL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now pending before the court is the plaintiff's motion to compel (doc. # 36) filed on February 6, 2012, in which she seeks to require the defendant to produce documents in response to her discovery requests.  The court has fully considered the defendant's response to the motion to compel.  (Doc. # 44).

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense . . .*" (emphasis added). The Committee Comments to FED.R.CIV.P. 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles.  "Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). "Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999).

The court heard oral argument on the motion on March 1, 2012. There remains disputes concerning requests for production # 16, 17, 47, 48, & 53, and second interrogatory. The plaintiff also seeks to depose another, more knowledgeable 30(b)(6) corporate representative. Upon consideration of the motion to compel, and as stated in open court, it is

ORDERED as follows:

1. That, with respect to request for production # 16 and the second interrogatory, the plaintiff's motion to compel (doc. # 36) be and is hereby GRANTED to the extent that, on or before March 21, 2012, the defendant shall produce disciplinary histories and performance evaluations of the general managers at issue from 2006 until the date of the motion to compel.

2. That, with respect to request for production # 17, the plaintiff's motion to compel (doc. # 36) be and is hereby GRANTED to the extent that, on or before March 21, 2012, the defendant shall produce the following information:

   a. for subordinate employees, disciplinary histories and last known addresses.

   b. for Marilyn Nelson and other managers, reasons for termination, disciplinary

        histories, qualifications, and performance evaluations.

    c.    for Johnny Carson and Bill Morrison, disciplinary histories, performance evaluations, and reasons for termination. In addition, all information related to the investigation conducted by Bill Morrison regardless of whether that documentation is in his personnel file.

    d.    for Michael Ennis and Cassandra Osborne, disciplinary histories, performance evaluations, and reasons for termination if no longer employed with Krystal.

    e.    for Donaleshia Chappell and Tish Smith, disciplinary histories, qualifications, performance evaluations, and reasons for termination if no longer employed with Krystal.

3.    That, with respect to request for production # 47, the plaintiff's motion to compel (doc. # 36) be and is hereby GRANTED to the extent that, on or before March 21, 2012, the defendant shall provide the disciplinary histories, qualifications, and personnel evaluations of the person(s) at issue.

4.    That, with respect to requests for production 48 & 53, counsel for the parties are DIRECTED to meet and confer. On or before March 21, 2012, counsel for the plaintiff is DIRECTED to narrow her request.

5.    That, with respect to the request to depose a FED.R.CIV.P. 30(b)(6) corporate representative, after the plaintiff reviews the discovery material provided pursuant to this order, she shall determine whether a 30(b)(6) deposition is necessary. If counsel are unable

to agree, the plaintiff is granted leave to bring this matter to the attention of the court.

6. That, in all other respects, the plaintiff's motion to compel (doc. # 36) be and is hereby DENIED.

Done this 7th day of March, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE